### In re COMARK, a California Limited Partnership, Debtor.

**Bankruptcy No. SA 82–03850 RP.**

United States Bankruptcy Court, C.D. California.

Feb. 12, 1985.

Cynthia Cohen, Stutman, Treister & Glatt, Los Angeles, Cal., for trustee.

Marvin Greene, Loeb & Loeb, Los Angeles, Cal., for the Ad Hoc Comark Limited Partners Protective Committee.

James R. Brown, Jardine, Linebaugh, Brown & Dunn, Salt Lake City, Utah, for certain limited partners.

Daniel H. Willick, and Robert Horn, of McKenna, Conner & Cuneo, Los Angeles, Cal., for objecting petitioning creditors.

John J. Strumreiter, Rosenfeld, Meyer & Susman, Beverly Hills, Cal., for objecting general partner.

Richard Broude, Sidley & Austin, Los Angeles, Cal., for E. Keith Owens.

## ORDER APPROVING COMPROMISE

RALPH G. PAGTER, Bankruptcy Judge.

The Application of the Trustee to Settle Certain Claims Against the Limited Partners came on for hearing on January 8, 1985. The Trustee appeared in person and was represented by Cynthia Cohen of the law firm of Stutman, Treister and Glatt. Also appearing in support of the compromise was Marvin Greene of the firm of Loeb and Loeb, counsel for the Ad Hoc Comark Limited Partners Protective Committee. James R. Brown of the firm of Jardine, Linebaugh, Brown & Dunn, of Salt Lake City, appeared on behalf of certain limited partners, Daniel H. Willick and Robert Horn of the firm of McKenna, Conner & Cuneo appeared for objecting petitioning creditors; John J. Strumreiter of the firm of Rosenfeld, Meyer & Susman appeared for objecting general partner Robert W.. Bell; Richard Broude of the firm of Sidley & Austin appeared for objecting general partner E. Keith Owens, all in opposition to the compromise. At the conclusion of the hearing, the court invited counsel for the trustee to submit a confidential memorandum of reasons for the court's accepting the settlement which counsel for the trustee would normally be unwilling to make public, absent certainty that the settlement would reach fruition. Inasmuch as the settlement must not only be approved by this court but the United States District Court for the Central Dis-

trict of California where a related procedure is pending, the court agreed to accept the additional information from the trustee in-camera, and did so on January 29, and will keep that information sealed pending final resolution of the matter.

The court finds that the compromise is in the best interest of the estate of the debtor and it is therefore approved. I incorporate as my Findings the presentation of issues presented by the trustee in the sealed materials which, to the court, fully and completely set forth urgent and cogent reasons for accepting and approving the compromise.

However, I do not approve the compromise in its totality. Specifically with relation to paragraph six, subparagraph b, at page 3 at line 8 the following language is added after the word "agreement" "but said lesser sum shall be not less than $5,250,000, without further order of the court". Moreover, the court notes that the approval hereof is specifically conditioned upon the entry of an order of the United States District Court presumably in the litigation pending in Los Angeles (giving further approval to certain terms and conditions of the settlement, namely making it binding upon the general partners and non-settling limited partners). While the court basically feels that California Limited Partnership law cannot affect this settlement in a bankruptcy court context, I make no final order thereon since the matter has not been fully and completely briefed nor researched by me. I leave final determination of that matter to the District Court Judge.

I make one final observation in this matter. Part of the limited partners' defense herein is that they were defrauded investors and as such entitled to rescind. Assuming that they are, they become investors of a class whose claims probably would be subordinated to those of other creditors before distribution. Whether they could still be required to make the balance of their contribution is a question that is still open to discussion, but one which becomes avoided by this settlement.

I further find that the legal questions involved in this issue are substantial and will require at least one month to try at an inordinate expense to the estate. This expense of course is avoided by this settlement. Accordingly this settlement is approved.